## STATE v. JOYNER.*

### (Division B.　Oct. 31, 1927.)

### [114 So. 340.　No. 26619.]

CRIMINAL LAW. *Former conviction, not appearing in record of trial, is not available on motion in arrest of judgment.*

A motion in arrest of judgment is confined to the record made in the trial, so that a former conviction is not available where nothing tending to show it had gone into the record at the conclusion of the trial.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1251, n. 5, 7, 9; p. 1254, n. 50; Judgments, 34CJ, p. 31, n. 2.

APPEAL from circuit court of Rankin county.
HON. G. E. WILSON, Judge.

Joe Joyner was convicted of assault and battery, his motion in arrest of judgment was sustained, and the state appeals. Reversed.

*J. A. Lauderdale,* Assistant Attorny-General, for the state.

The court erred in sustaining the motion in arrest of judgment. A motion in arrest of judgment can reach such defects only as appear upon the face of the record itself, and which make the proceedings erroneous prior to the filing of this motion. There was no testimony or nothing in the record to show that the defendant had been previously tried and convicted of an assault and battery upon the person of Granville Washington. When a motion in arrest of judgment is filed, it is unnecessary to introduce any proof except the record in the case. As testimony *aliunde* the record is necessary to sustain the allegations in the motion, then such a motion is improper and cannot be sustained. *Jefferson* v. *State,* 46 Miss. 270; *Merrill* v. *State,* 45 Miss. 651; *Lewis* v. *State,* 49 Miss. 354; *McBeth* v. *State,* 50 Miss. 81; *De Marco* v. *State,* 59 Miss. 355; *Hastings* v. *State,* 59 Miss. 541; *Jones* v. *State,* 67 Miss. 111; *Corey* v. *State,* 8 S. & M. 573; *Frank* v. *State,* 39 Miss. 705.

*Note:  No brief filed for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee was indicted in the circuit court of Rankin county on the crime of assault and battery with intent to kill and murder, and convicted of assault and battery. Thereupon, appellee made a motion in arrest of the judgment, upon the ground that before his indictment and conviction in the circuit court he had been convicted of the same assault and battery before a justice of the peace of Rankin county. Evidence was heard upon this motion, and the motion was sustained by the court, and appellee discharged. From that judgment, 'the state prosecutes this appeal under paragraph 2, section 40, Code of 1906 (section 15, Hemingway's Code 1927).

The defense of the former conviction was presented for the first time in appellant's motion in arrest of the judgment; nor did the evidence on the trial develop the

fact that appellee had been convicted before a justice of the peace of the same offense for which he was being tried in the circuit court. At the conclusion of the trial, nothing had gone into the record of the case tending to show a former conviction before a justice of the peace.

A motion in arrest of a judgment is confined to the record made in the trial. Its purpose is to search the record for errors made, not to make another and a different record. The matter complained of in the motion must be ''intrinsic, appearing on the face of the record which would render the judgment, if given, erroneous or reversible.'' 34 C. J., section 154, p. 31.

We are of the opinion that the court erred in sustaining the motion in arrest of the judgment.

*Reversed.*